**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CV 09-1455-PHX-SRB |
| ) | CR 02-0750-PHX-SRB |
| Plaintiff/Respondent, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Mark David Branon, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |

Defendant through counsel filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on July 13, 2009. The United States responded in opposition on October 28, 2009. Thereafter, Defendant filed his reply on November 23, 2009.[1] On September 10, 2010, the Magistrate Judge issued his Report and Recommendation recommending that the Motion to Vacate, Set Aside, or Correct Sentence be denied.

Defendant was convicted following a jury trial on various charges and was sentenced on August 26, 2003 to 720 months in prison. Defendant appealed his conviction. His conviction was affirmed but a limited remand for resentencing was ordered by the Court of Appeals. That resentencing occurred on July 31, 2006, and Defendant filed a second appeal.

---

[1] The Motion to Vacate also included motions by Defendant concerning transcripts of state court proceedings. The Government responded and replies were filed to these motions and the motions were resolved by the Magistrate Judge in his Report and Recommendation. The order deals only with the Recommendation of the Magistrate Judge that the Motion to Vacate, Set Aside, or Correct Sentence be denied.

1 Defendant's sentence was summarily affirmed by the Court of Appeals on May 13, 2008.
2 Thereafter, Defendant filed his §2255 motion.

3 This Motion to Vacate, Set Aside, or Correct Sentence alleges three grounds for
4 relief. Defendant asserts ineffective assistance of counsel claiming that his retained counsel
5 was taken away from him in a secret hearing. The motion also asserts that Defendant's
6 retained counsel employed an investigator who was cooperating with the District Attorneys'
7 Office. Finally, Defendant alleges that his federal civil rights lawsuit against these retained
8 attorneys was dismissed based on false representations concerning diversity of citizenship.

9 In Defendant's first appeal, he challenged his conviction alleging trial errors and
10 ineffective assistance of counsel based on failure to object to those alleged errors. The
11 appeal did not raise the claim that he was improperly deprived of his counsel of choice, that
12 these lawyers hired an investigator working for the prosecution or that his civil suit against
13 these lawyers was improperly dismissed[2]. It was not until Defendant's resentencing hearing
14 on July 31, 2006, that Defendant raised the allegations regarding his former retained counsel.
15 This Court ruled at that time that the alleged removal of retained counsel occurred in state
16 court and there was no evidence that the removal had any impact on his federal case.

17 In his second appeal, Defendant argued that he was improperly denied counsel of
18 choice in his federal case.

19 In his Report and Recommendation the Magistrate Judge recommends that the
20 Motion to Vacate, Set Aside or Correct Sentence be denied. The Magistrate Judge concluded
21 that the three claims raised in his §2255 Motion were essentially one claim, that Defendant
22 was denied his counsel of choice and that Defendant procedurally defaulted this claim.
23 Defendant was on notice of the claim concerning his choice of counsel since his Initial
24 Appearance in federal court on August 28, 2002. At his Initial Appearance Defendant's

---

[2] The Court of Appeals affirmed the dismissal of Defendant's civil case in a memorandum decision filed August 7, 2008. The Mandate issued October 6, 2008. *Branon v. Debus, et al.,* No. 06-15307. Defendant's lawyer in his civil case is the same lawyer representing him on this §2255 Motion.

- 2 -

retained lawyers withdrew their representation and counsel was appointed to represent Defendant on the federal charges. Defendant later retained new counsel who substituted in for appointed counsel. Alternatively, the Magistrate Judge concluded that, even if Defendant could overcome his procedural default, his claim lacks merit since the district court played no role in the removal of his counsel of choice in their one appearance in federal court in August 2002. The Magistrate Judge noted the lack of any prejudice from these attorneys' immediate withdrawal at the time of the Initial Appearance and that there was no claim of ineffective assistance of his retained counsel in his §2255 Motion.

Defendant filed through counsel timely objections to the Report and Recommendation. The objections[3] are directed to the removal by the state court of Defendant's retained attorneys and the fact that Defendant claims to still not know the reason why his attorneys were not permitted by the state court to represent him in his state court matter or in this matter. Defendant argues that the "entire procedure creates structural error in the federal conviction" requiring that it be set aside. The United States responded to the objections by noting that Defendant's objections raise the same arguments as the original motion and reply.

The Court agrees with the Report and Recommendation of the Magistrate Judge that any issue Defendant might have raised with respect to being denied counsel of his choice in federal court was procedurally defaulted by his failure to raise it during his first appeal. Bringing the issue to the Court for the first time at resentencing does not cure the procedural default. As the Magistrate Judge noted, in August 2002 at Defendant's first appearance in federal court, his retained state court attorneys appeared, withdrew and counsel was appointed. Thereafter, Defendant retained new counsel and the case proceeded through trial, sentencing and appeal. The issue of his counsels' withdrawal in 2002 cannot now be raised in a §2255 motion. The Court also agrees with the Magistrate Judge that even if the issue

---

[3] Defendant's objection to the error in the caption has been noted and the caption of this order correctly denominates Defendant as the Movant and the United States as the Respondent.

could be raised it is without merit. The district court had nothing to do with the removal of Defendant's counsel of choice. Defendant never objected when his lawyers voluntarily withdrew in August 2002 and his federal case was not prejudiced by their withdrawal at the initial appearance and more than nine months before trial. There is no claim that appointed or retained trial counsel provided ineffective assistance, and the district court played no role in what may have occurred in his state court case.

IT IS ORDERED overruling the objection to the Report and Recommendation.

IT IS FURTHER ORDERED adopting the Report and Recommendation as the Order of this Court (Doc. 23).

IT IS FURTHER ORDERED that Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 is denied (Doc. 1).

DATED this 24th day of January, 2011.

*[Signature]*
Susan R. Bolton
United States District Judge